## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**Holding a Criminal Term**

**Grand Jury Sworn in on May 25, 2021**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| v. | : | **GRAND JURY ORIGINAL** |
| | : | |
| **ELIAS ELDABBAGH,** | : | **VIOLATIONS:** |
| | : | |
| **Defendant.** | : | **18 U.S.C. § 1343 (Wire Fraud)** |
| | : | |
| | : | **18 U.S.C. § 1957 (Monetary** |
| | : | **Transaction of Criminally Derived** |
| | : | **Property)** |
| | : | |
| | : | **18 U.S.C. § 1028A(a)(1) (Aggravated** |
| | : | **Identity Theft)** |
| | : | |
| | : | **18 U.S.C. § 2232(a) (Destruction or** |
| | : | **Removal of Property to Prevent** |
| | : | **Seizure)** |
| | : | |
| | : | **18 U.S.C. §§ 981(a)(1)(C), 982(a)(1),** |
| | : | **21 U.S.C. § 853(p), 28 U.S.C. § 2461(c)** |
| | : | **(Criminal Forfeiture)** |

## INDICTMENT

The Grand Jury charges that:

### Introduction

At all times relevant to this Indictment:

### *Entities*

1.      Alias Systems, LLC, was a Virginia Limited Liability Company formed by **ELDABBAGH** in Virginia on August 31, 2018 and controlled by **ELDABBAGH**.

2.      COMPANY 1 was a business consulting company based in Washington, D.C. COMPANY 1 had no affiliation with Alias Systems, LLC.

*Persons*

3.      Defendant **ELIAS ELDABBAGH ("ELDABBAGH")** was a resident of Arlington Virginia and Washington, DC.

4.      C.S. was a resident of the Reno, Nevada area and Fair Oaks, California area. C.S. was never employed by or affiliated with Alias Systems, LLC.

5.      R.S. was the Chairman of the Board and Co-Founder of COMPANY 1. R.S. was never employed by or affiliated with Alias Systems, LLC.

6.      D.M. was the President of COMPANY 1. D.M. was never employed by or affiliated with Alias Systems, LLC.

7.      C.C. was a Partner of COMPANY 1. C.C. was never employed by or affiliated with Alias Systems, LLC.

*Bank Accounts*

8.      US Bank Account #9292 was held in the name of Alias Systems, LLC, and **ELDABBAGH**.

9.      E*Trade Accounts #1226, #6025, #1941, #1960, #7562, #2256, and #1952 were financial accounts held in the name of **ELIAS ELDABBAGH**.

10.     Morgan Stanley Account #0816 and #0817 were financial accounts held in the name of **ELIAS ELDABBAGH**.

11.     Webull Financial #8010 was a financial account held in the name of **ELIAS ELDABBAGH**.

12.     Robinhood #0177 was an investment account held in the name of **ELIAS ELDABBAGH.**

13.     Citibank #7483 was a financial account held in the name of **ELIAS ELDABBAGH.**

14.     Tastyworks #2616 was a financial account held in the name of **ELIAS ELDABBAGH.**

### *The Small Business Administration*

15.     The United States Small Business Administration ("SBA") was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

### *The Paycheck Protection Program*

16.     The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of billions in forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the PPP.

17.     To obtain a PPP loan, a qualifying business must have submitted a PPP loan application, which was signed by an authorized representative of the business.  The applicant of a PPP loan was required to acknowledge the program rules and make certain affirmative

3

certifications in order to be eligible to obtain the PPP loan.  In the PPP loan application, the applicant must state, among other things, its: (a) average monthly payroll expenses and (b) number of employees.   These figures were used to calculate the amount of money the small business was eligible to receive under the PPP.  In addition, businesses applying for a PPP loan must have provided documentation showing their payroll expenses.  To qualify for eligibility, businesses that applied for a PPP loan needed to be in operation as of February 15, 2020.

18.     A PPP loan application must have been processed by a participating financial institution (the lender).   If a PPP loan application was approved, the participating financial institution funded the PPP loan using its own monies, which were 100% guaranteed by the Small Business Administration ("SBA").   Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

19.     PPP loan proceeds must have been used by the business for certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities.   The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a certain percentage of the PPP loan proceeds on payroll expenses.

20.     In or around December 27, 2020, the Economic Aid to Hard-Hit Small Business, Nonprofits and Venues Act provided additional funding for the PPP and extended the application deadline to March 31, 2021. The act enabled borrowers to take a second draw PPP loan under the same general terms as their first PPP loan up to a maximum loan amount of $2 million. The act reopened the program to borrowers who did not previously receive a first draw PPP loan. To be

eligible for a second draw, borrowers had to employ no more than 300 employees, demonstrate a 25% reduction in gross receipts during a calendar quarter in 2020, and have expended the full amount of their initial PPP loan. Allowable expenses were expanded to include worker protection costs related to COVID-19, uninsured property damage costs caused by looting or vandalism during 2020, and certain supplier costs and expenses for operations. The expansion applied retroactively to first draw PPP loans that had not been forgiven by the SBA.

### *The Economic Injury Disaster Loan Program*

21.     An Economic Injury Disaster Loan ("EIDL") was an SBA-administered loan designed to provide assistance to small businesses that suffer substantial economic injury as a result of a declared disaster. An EIDL helped businesses meet necessary financial obligations that could have been met had the disaster not occurred. It provided relief from economic injury that the disaster caused and permitted businesses to maintain a reasonable working capital position during the period that the disaster affected.

22.     Additionally, the SBA offered an EIDL advance that was designed to provide emergency economic relief to businesses that were experiencing a temporary loss of revenue. The advances did not have to be repaid, and small businesses could receive an advance even if they were not approved for an EIDL loan. The maximum advance amount was $10,000. The amount of the loan offered as well as the advance amount were determined by the SBA based on the information provided on the loan application.

23.     EIDL funds were issued directly from the United States Treasury and applicants applied through the SBA via an online portal. The EIDL application process collected information concerning the business and the business owner, including information as to the gross revenues

for the 12 months prior to the disaster; the cost of goods sold; and information as to any criminal history of the business owner. Applicants electronically certified that the information provided was accurate and they were warned that any false statement or misrepresentation to the SBA or any misapplication of loan proceeds may result in sanctions, including criminal penalties.

24.     In March 2020, due to the COVID-19 pandemic, the SBA issued an EIDL declaration. The declaration made EIDL loans available nationwide to small businesses to help alleviate economic injury that COVID-19 caused. EIDL loans were usually limited to a maximum amount of $2 million. However, during the COVID-19 pandemic, EIDL loans were limited for a period of time to $150,000.

<u>**COUNTS ONE THROUGH FIVE**</u>
**(Wire Fraud)**

25.     Paragraphs 1 through 24 are hereby realleged as if fully set forth herein.

<u>**The Scheme to Defraud**</u>

26.     Between at least July 2020 and July 2021, in the District of Columbia and elsewhere, **ELDABBAGH** knowingly devised, intended to devise, and participated in a scheme and artifice to obtain money and property, in connection with applications for PPP and EIDL funds, by means of materially false and fraudulent pretenses, representations, and promises, with the intent to defraud and with knowledge of the scheme's fraudulent nature ("the Wire Fraud Scheme" and/or the "scheme to defraud").

<u>**Goal of the Scheme to Defraud**</u>

27.     It was the goal of the scheme to defraud that **ELDABBAGH** would file materially false applications and requests for PPP and EIDL funds, which he was not entitled to receive,

totaling over $17,000,000, and to spend the fraudulently obtained money for his own benefit and enjoyment.

### Manner and Means of the Scheme to Defraud

28.     It was part of the scheme to defraud that:

29.     **ELDABBAGH** filed false and fraudulent applications for PPP loans and EIDL funds in the name of Alias Systems, LLC, using the stolen identities of C.S., R.S., C.C., and D.M., who had no knowledge of the applications and did not authorize the use of their identifying information in support of the applications. In total, **ELDABBAGH** submitted fraudulent applications seeking more than $17,000,000 in PPP and EIDL funds, which he was not entitled to receive. In support of some of these fraudulent applications, **ELDABBAGH** submitted tax returns and payroll records that were stolen from COMPANY 1 and fraudulently altered to appear to be tax returns and payroll records of Alias Systems, LLC.

### *Alias Systems, LLC's EIDL Applications*

30.     On or about July 29, 2020, **ELDABBAGH** submitted and caused to be submitted an application on behalf of Alias Systems, LLC and in the name of C.S. requesting $150,000 in EIDL funds. That application falsely and fraudulently claimed Alias Systems, LLC had 10 employees, earned gross revenues of $8,000,000.00 and incurred Costs of Goods Sold of $2,400,000.00. On August 10, 2020, **ELDABBAGH** caused the application to be signed in the name of C.S.

31.     On or about August 12, 2020, based on **ELDABBAGH's** fraudulent submission, the SBA approved the application and deposited $149,900 into US Bank account #9292.

32.     On or about May 7, 2021, **ELDABBAGH** submitted and caused to be submitted an application to be made on behalf of Alias Systems, LLC to increase the EIDL funds by $350,000 for a total of $500,000.

### *Alias Systems, LLC's PPP Applications to Cross River Bank*

33.     On or about July 4, 2020, **ELDABBAGH** submitted and caused to be submitted a fraudulent PPP loan application to Cross River Bank to obtain a $823,958 PPP loan in the name of Alias Systems, LLC and **ELIAS ELDABBAGH**. In that application, **ELDABBAGH** claimed to be the 100% owner of Alias Systems, LLC.

34.     On or about July 27, 2020, **ELDABBAGH** submitted and caused to be submitted false and fraudulent documents, including a fraudulent Form 940 and a fraudulent PPP loan application to Cross River Bank, which falsely stated the Alias Systems, LLC had 10 employees and an average monthly payroll of $382,917, in order to obtain a $957,292 PPP loan in the name of Alias Systems, LLC and C.S.

35.     On or about January 24, 2021, **ELDABBAGH** submitted and caused to be submitted false and fraudulent documents, including a false and fraudulent Form 1120S purporting to be the 2019 Form 1120S of Alias Systems, LLC, a false and fraudulent 2019 Form 941 in the name of Alias Systems, LLC, and a fraudulent PPP loan application to Cross River Bank, which falsely stated that Alias Systems LLC had 49 employees and an average monthly payroll of $413, 583, in order to obtain a $1,033,956 PPP loan in the name of Alias Systems, LLC and C.S.

*Alias Systems, LLC's PPP Application to Sandy Spring Bank*

36.     On or about August 3, 2020, **ELDABBAGH** submitted and caused to be submitted false and fraudulent documents, including an SBA Form 2483 PPP Loan Application, to Sandy Spring Bank to obtain a $1,241,632 PPP loan in the name of Alias Systems, LLC and C.S.

*Alias Systems, LLC's PPP Application to Lendio*

37.     On or about January 27, 2021, **ELDABBAGH** submitted and caused to be submitted false and fraudulent documents, including an SBA Form 2483 PPP Loan Application, to Lendio to obtain a $1,170,000 PPP loan in the name of Alias Systems, LLC and C.S.

38.     **ELDABBAGH** caused to be submitted supporting documentation including a false and fraudulent Form 1120S purporting to be the 2019 Form 1120S of Alias Systems, LLC and a false and fraudulent 2019 Form 941 in the name of Alias Systems, LLC.

*Alias Systems, LLC's PPP Application to Harvest Small Business Finance, LLC*

39.     On or about January 28, 2021, **ELDABBAGH** submitted and caused to be submitted false and fraudulent documents, including an SBA Form 2483 PPP Loan Application, to Harvest Small Business Finance, LLC to obtain a $1,170,000 PPP loan in the name of Alias Systems, LLC and C.S.

40.     **ELDABBAGH** caused to be submitted supporting documentation including a false and fraudulent 2019 Form 941 in the name of Alias Systems, LLC and a false and fraudulent summary of payroll that contained the names of R.S., C.C., and D.M., who are actual persons and who did not work at Alias Systems, LLC.

### *Alias Systems, LLC's PPP Application to Newtek Small Business Finance*

41.     On or about February 5, 2021, **ELDABBAGH** submitted and caused to be submitted false and fraudulent documents, including an SBA Form 2483 PPP Loan Application, to Newtek Small Business Finance to obtain a $1,120,000 PPP loan in the name of Alias Systems, LLC and C.S.

42.     **ELDABBAGH** submitted and caused to be submitted supporting documentation including a false and fraudulent Form 1120S purporting to be the 2019 Form 1120S of Alias Systems, LLC, a false and fraudulent 2019 Form 941 in the name of Alias Systems, LLC, and a false and fraudulent summary of payroll that contained the names of R.S., C.C., and D.M., who are actual persons and who did not work at Alias Systems, LLC.

43.     On or about February 18, 2021, based on **ELDABBAGH's** fraudulent submission, Newtek Small Business Finance approved the application and deposited $1,120,000 into US Bank account #9292.

### *Alias Systems, LLC's PPP Application to Zions Bank*

44.     On or about February 8, 2021, **ELDABBAGH** submitted and caused to be submitted false and fraudulent documents including an SBA Form 2483 PPP Loan Application to Zions Bank to obtain a $1,710,425 PPP loan in the name of Alias Systems, LLC and C.S.

45.     **ELDABBAGH** submitted and caused to be submitted supporting documentation including a false and fraudulent Form 1120S purporting to be the 2019 Form 1120S of Alias Systems, LLC, a false and fraudulent 2019 Form 941 in the name of Alias Systems, LLC, and a false and fraudulent summary of payroll that contained the names of R.S., C.C., and D.M., who are actual persons who did not work at Alias Systems, LLC.

*Alias Systems, LLC's PPP Applications to ReadyCap Lending*

46.     On or about February 26, 2021, **ELDABBAGH** submitted and caused to be submitted false and fraudulent documents, including an SBA Form 2483 PPP Loan Application, to ReadyCap Lending to obtain a $1,115,000 PPP loan in the name of Alias Systems, LLC and C.S.

47.     **ELDABBAGH** caused to be submitted supporting documentation including a false and fraudulent Form 1120S purporting to be the 2019 Form 1120S of Alias Systems, LLC and a false and fraudulent 2019 Form 941 in the name of Alias Systems, LLC.

48.     On or about March 1, 2021, **ELDABBAGH** submitted a second draw application to ReadyCap Lending for an additional $1,620,000 in PPP funds.

49.     On or about March 3, 2021, based on **ELDABBAGH's** false and fraudulent submission, ReadyCap Lending deposited $1,115,000 into US Bank #9292.

*Alias Systems, LLC's PPP Application to TD Bank*

50.     On or about March 13, 2021, **ELDABBAGH** submitted and caused to be submitted false and fraudulent documents to TD Bank, including a fraudulent PPP Borrower Application Form, to obtain a $1,620,000 PPP loan in the name of Alias Systems, LLC and C.S.

51.     **ELDABBAGH** caused to be submitted supporting documentation including a false and fraudulent 2019 Form 941 in the name of Alias Systems, LLC and a false and fraudulent summary of payroll that contained the names of R.S., C.C., and D.M., who are actual persons and who did not work at Alias Systems, LLC.

*Alias Systems, LLC's PPP Applications to Itria Ventures*

52.     On or about March 31, 2021, **ELDABBAGH** submitted and caused to be submitted false and fraudulent documents, including an SBA Form 2483 PPP Loan Application, to Itria Ventures d/b/a Biz2Credit in order to obtain a $1,854,165 PPP loan from Itria Ventures in the name of Alias Systems, LLC and C.S.

53.     **ELDABBAGH** caused to be submitted supporting documentation including a false and fraudulent Form 1120S purporting to be the 2019 Form 1120S of Alias Systems, LLC and a false and fraudulent 2019 Form 941 in the name of Alias Systems, LLC.

54.     On or about May 17, 2021, **ELDABBAGH** submitted and caused to be submitted a second application to Itria Ventures requesting an additional $1,437,499 in PPP funds in the name of Alias Systems, LLC and C.S.

## The Charges

55.     On or about the dates set forth below, in the District of Columbia and elsewhere, the defendant,

**ELIAS ELDABBAGH,**

for the purpose of executing and attempting to execute the scheme to defraud, transmitted and caused to be transmitted by means of wire communication in interstate commerce, the following writings, signs, signals, pictures, and sounds:

| Count | Date | Description |
|-------|------|-------------|
| 1 | January 27, 2021 | An interstate wire signal originating from the District of Columbia to Lendio constituting a false and fraudulent PPP loan application in the name of Alias Systems, LLC for $1,170,000. |
| 2 | January 28, 2021 | An interstate wire signal originating from the District of Columbia to Harvest Small Business Finance, LLC constituting a false and fraudulent PPP loan application in the name of Alias Systems, LLC for $1,170,000. |
| 3 | February 5, 2021 | An interstate wire signal originating from the District of Columbia to Newtek Small Business Finance constituting a false and fraudulent PPP loan application in the name of Alias Systems, LLC for $1,120,000. |
| 4 | February 8, 2021 | An interstate wire signal originating from the District of Columbia to Zions Bank constituting a false and fraudulent PPP loan application in the name of Alias Systems, LLC for $1,710,425. |
| 5 | February 12, 2021 | An interstate wire signal originating from the District of Columbia to ReadyCap Lending constituting a false and fraudulent PPP loan application in the name of Alias Systems, LLC for $1,115,000. |

**(Wire Fraud, in violation of Title 18,**
**United States Code, § 1343)**

## COUNTS SIX THROUGH NINETEEN
### (Monetary Transaction of Criminally Derived Property)

56.     Paragraphs 1 through 54 are hereby realleged as if fully set forth herein.

57.     On or about the dates listed below, in the District of Columbia, the defendant,

### ELIAS ELDABBAGH,

did knowingly engage and attempt to engage in the following monetary transactions by, through, and to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, the proceeds of the Wire Fraud Scheme, in violation of Title 18, United States Code, Section 1343, each such monetary transaction constituting a separate count of this Indictment:

14

| Count | Date | Monetary Transaction |
|:-----:|:----:|:---------------------|
| 6 | August 12, 2020 | $45,000 wire transfer from US Bank account #9292 to Robinhood account #0177 |
| 7 | August 24, 2020 | $68,129.48 check from US Bank account #9292 to Tesla Motors Inc. |
| 8 | February 19, 2021 | $100,000 wire transfer from US Bank account #9292 to E*Trade account #1226 |
| 9 | February 23, 2021 | $100,000 wire transfer from US Bank account #9292 to Morgan Stanley account #0816 |
| 10 | March 1, 2021 | $100,000 wire transfer from US Bank account #9292 to E*Trade account #7562 |
| 11 | March 2, 2021 | $100,000 wire transfer from US Bank account #9292 to Citibank account #7483 |
| 12 | March 4, 2021 | $100,000 wire transfer from US Bank account #9292 to Morgan Stanley account #0817 |
| 13 | March 4, 2021 | $100,000 wire transfer from US Bank account #9292 to E*Trade account #2256 |
| 14 | March 4, 2021 | $100,000 wire transfer from US Bank account #9292 to E*Trade account #1960 |
| 15 | March 4, 2021 | $100,000 wire transfer from US Bank account #9292 to E*Trade account #1952 |

| 16 | March 8, 2021 | $100,000 wire transfer from US Bank account #9292 to E*Trade account #6025 |
| 17 | March 8, 2021 | $50,000 wire transfer from US Bank account #9292 to Webull Financial account #8010 |
| 18 | March 16, 2021 | $140,000 wire transfer from E*Trade account #1226 to E*Trade account #1941 |
| 19 | April 5, 2021 | $15,000 wire transfer from US Bank account #4531 to Tastyworks account #2616 |

**(Monetary Transaction of Criminally Derived Property,
in violation of Title 18, United States Code, § 1957)**

## COUNTS TWENTY THROUGH THIRTY-THREE
### (Aggravated Identity Theft)

58.     Paragraphs 1 through 54 are hereby realleged as if fully set forth herein.

59.     On or about the dates listed below, in the District of Columbia, the defendant,

**ELIAS ELDABBAGH,**

did knowingly transfer, possess, and use, without lawful authority, a means of identification of

another person during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c),

to wit, 18 U.S.C. § 1343, knowing that the means of identification belonged to another actual

person, each such transfer, possession, and use being a separate count of this Indictment:

| Count | Date | Means of Identification | Related Wire Fraud Count |
|-------|------|------------------------|--------------------------|
| 20 | January 27, 2021 | Name of C.S. | 1 |
| 21 | January 28, 2021 | Name of C.S. | 2 |

| 22 | January 28, 2021 | Name of C.C. | 2 |
|----|------------------|--------------|---|
| 23 | January 28, 2021 | Name of D.M. | 2 |
| 24 | January 28, 2021 | Name of R.S. | 2 |
| 25 | February 5, 2021 | Name of C.S. | 3 |
| 26 | February 5, 2021 | Name of C.C. | 3 |
| 27 | February 5, 2021 | Name of D.M. | 3 |
| 28 | February 5, 2021 | Name of R.S. | 3 |
| 29 | February 8, 2021 | Name of C.S. | 4 |
| 30 | February 8, 2021 | Name of C.C. | 4 |
| 31 | February 8, 2021 | Name of D.M. | 4 |
| 32 | February 8, 2021 | Name of R.S. | 4 |
| 33 | February 12, 2021 | Name of C.S. | 5 |

**(Aggravated Identity Theft,
in violation of Title 18, United States Code, § 1028A(a)(1))**

**COUNT THIRTY-FOUR**
**(Destruction or Removal of Property to Prevent Seizure)**

60.     Paragraphs 1 through 54 are hereby realleged as if fully set forth herein.

61.     On or about May 25, 2021 and shortly thereafter, Special Agents of IRS Criminal Investigation executed a search warrant at **ELDABBAGH**'s residence and executed several seizure warrants on, among other things, **ELDABBAGH**'s bank accounts and investment accounts, including his E*Trade and Webull accounts.   At or about that time, the Special Agents provided **ELDABBAGH** a copy of those seizure warrants.

62.     Thereafter, among other things, **ELDABBAGH** contacted E*Trade dozens of times in an attempt to transfer funds and to add a purported second owner to the E*Trade accounts, all in order to transfer the funds seized by the special agents. **ELDABBAGH** further initiated and

caused a transfer on or about May 27, 2021 of securities from the seized Webull account to a financial account that was not seized by the Special Agents.

63. From in or about May 2021 through in or about July 2021, including on or about May 27, 2021, in the District of Columbia, the defendant,

## ELIAS ELDABBAGH,

after the seizure of funds, equities, and financial instruments from accounts in the name of **ELDABBAGH** by Special Agents of IRS Criminal Investigation, who were authorized to make such seizures pursuant to seizure warrants issued by a Magistrate Judge in the District of Columbia, did knowingly attempt to transfer and obtain such seized funds, equities and financial instruments for the purpose of preventing and impairing the Government's lawful authority to continue holding said property under its lawful custody and control, in violation of Title 18, United States Code, Section 2232(a).

**(Destruction or Removal of Property to Prevent Seizure,
in violation of Title 18, United States Code, § 2232(a))**

## FORFEITURE ALLEGATION

1. Upon conviction of any of the offenses listed in Counts One through Five of this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. The United States will also seek the forfeiture of the following specific property:

   a. Tesla Model 3 with VIN 5YJ3E1ECXLF721164

   b. All monies and other things of value in:

      i. US Bank Account #9292 in the name of Alias Systems, LLC and

18

**ELIAS ELDABBAGH**

ii.   US Bank Account #4531 in the name of **ELIAS ELDABBAGH**

iii.  US Bank Account #7643 in the name of **ELIAS ELDABBAGH**

iv.   Robinhood Account #0177 in the name of **ELIAS ELDABBAGH**

v.    E*Trade Account #1226 in the name of **ELIAS ELDABBAGH**

vi.   E*Trade Account #6025 in the name of **ELIAS ELDABBAGH**

vii.  E*Trade Account #1941 in the name of **ELIAS ELDABBAGH**

viii. E*Trade Account #1960 in the name of **ELIAS ELDABBAGH**

ix.   E*Trade Account #7562 in the name of **ELIAS ELDABBAGH**

x.    E*Trade Account #2256 in the name of **ELIAS ELDABBAGH**

xi.   E*Trade Account #1952 in the name of **ELIAS ELDABBAGH**

xii.  CitiBank Account #7483 in the name of **ELIAS ELDABBAGH**

xiii. Webull   Financial   Account   #8010   in   the   name   of   **ELIAS ELDABBAGH**

xiv.  Morgan Stanley Account #0816 in the name of **ELIAS ELDABBAGH**

xv.   Morgan Stanley Account #0817 in the name of **ELIAS ELDABBAGH**

xvi.  SoFi Account #2822 in the name of **ELIAS ELDABBAGH**

xvii. SoFi Account #5TC47815 held in the name of **ELIAS ELDABBAGH**

xviii. PrimeTrust LLC account #4889 in the name of **ELIAS ELDABBAGH**

xix.  BAM Trading Services Inc. d/b/a Binance.US account #35145380 in the name of **ELIAS ELDABBAGH**

xx.   Tastyworks #2616 in the name of **ELIAS ELDABBAGH.**

    c.  A MONEY JUDGMENT against the defendant equal to the value of any property, real or personal, constituting or derived from proceeds traceable to the Wire Fraud Scheme to defraud not available for forfeiture as a result of any act or omission of the defendant for one or more of the reasons listed in 21 U.S.C. § 835(p)

3.    Upon conviction of any of the offenses alleged in Counts Six through Nineteen of this Indictment, the defendant shall forfeit to the United States any property, real or personal, involved in these offenses or any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

4.    The United States will also seek the forfeiture of the following specific property:

    a.  Tesla Model 3 with VIN 5YJ3E1ECXLF721164

    b.  All monies and other things of value in:

        i.  US Bank Account #9292 in the name of Alias Systems, LLC and **ELIAS ELDABBAGH**

        ii.  Robinhood Account #0177 in the name of **ELIAS ELDABBAGH**

        iii.  E*Trade Account #1226 in the name of **ELIAS ELDABBAGH**

        iv.  E*Trade Account #6025 in the name of **ELIAS ELDABBAGH**

        v.  E*Trade Account #1941 in the name of **ELIAS ELDABBAGH**

        vi.  E*Trade Account #1960 in the name of **ELIAS ELDABBAGH**

        vii.  E*Trade Account #7562 in the name of **ELIAS ELDABBAGH**

        viii.  E*Trade Account #2256 in the name of **ELIAS ELDABBAGH**

        ix.  E*Trade Account #1952 in the name of **ELIAS ELDABBAGH**

    x.  CitiBank Account #7483 in the name of **ELIAS ELDABBAGH**

    xi.  Webull Financial Account #8010 in the name of **ELIAS ELDABBAGH**

    xii.  Morgan Stanley Account #0816 in the name of **ELIAS ELDABBAGH**

    xiii.  Morgan Stanley Account #0817 in the name of **ELIAS ELDABBAGH**

    xiv.  Tastyworks #2616 was a financial account held in the name of **ELIAS ELDABBAGH.**

c.  A MONEY JUDGMENT against the defendant equal to the value of all property involved in the money laundering and not available for forfeiture for one or more of the reasons listed in 21 U.S.C. § 853(p) as a result of any act or omission of the defendant.

## SUBSTITUTE ASSETS

5.      If any of the property described above as being subject to forfeiture, as a result of

any act or omission of the defendant:

    a.      cannot be located upon the exercise of due diligence;

    b.      has been transferred or sold to, or deposited with, a third party;

    c.      has been placed beyond the jurisdiction of the Court;

    d.      has been substantially diminished in value; or

    e.      has been commingled with other property that cannot be divided without

            difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value

of the property described above, pursuant to Title 21, United States Code, Section 853(p).

(**Criminal Forfeiture,** pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 18,
United States Code, Section 982(a)(1), Title 28, United Sates Code, Section 2461(c),
and Title 21, United States Code, Section 853(p)).


A TRUE BILL:


FOREPERSON


*Channing D. Phillips /jpk*

Attorney of the United States in
and for the District of Columbia