**IN THE UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF COLUMBIA CIRCUIT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **CR. NO. 21-CR-523 (TNM)** |
| | ) | |
| **ELIAS ELDABBAGH** | ) | |

**OPPOSTITON TO GOVERNMENT MOTION TO REVOCATION HEARING**

Elias Eldabbagh, by and through counsel, respectfully submits the following Opposition to the government's motion to revoke the defendant's conditions of release. For the reasons stated below, the defendant requests that the Court deny the government's motion.

**Background**

Mr. Eldabbagh was arrested in connection with this case on August 20, 2021. He was arrested without incident at his home, and subsequently released into the Home Confinement Section of the High Intensity Supervision Program. He has remained inside his residence for the pendency of this case, except for the Thanksgiving holiday when the Court permitted him to travel to Northern Virginia to spend the holiday with his partner's mother. Mr. Eldabbagh has not missed a single court appearance. He has reported to the Pre-trial Services Agency as directed. His movements are being monitored by GPS technology. And he has not possessed any firearms. The violation of pre-trial release alleged in the government's motion occurred more than four months ago. Since that time, Mr. Eldabbagh has been in compliance with his conditions of pre-trial release.

**Argument**

It is a well established principle that criminal defendants should not suffer imprisonment

1

on a charge for which they have yet to be convicted.   *See Stack v. Boyle*, 342 U.S. 1 (1951).   In 1984, Congress enacted the Bail Reform Act to solidify this principle and to ensure that pretrial detention is utilized in only the rare cases in which community safety and flight are serious concerns.   In passing the Act, Congress surely did not intend to authorize the wholesale pretrial incarceration of all persons accused of criminal offenses.   Rather, Congress intended to reserve pretrial detention for only "a small but identifiable group of particularly dangerous [persons] as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons."   S. Rep. No. 225, 98th Cong., 1st Sess. 6-7, *reprinted in* U.S. Code Cong. & Ad. News 3189.   When implementing the provisions of the Bail Reform Act, courts have recognized that the Act clearly favors release over pretrial detention.   *See United States v. Orta*, 760 F.2d 887, 890-892 (8th Cir. 1985); *United States v. Miller*, 625 F. Supp. 513, 516-17 (D.Kan. 1985); *see also United States v. Salerno*, 481 U.S. 751, 755 (1987) ("In our society liberty is the norm and detention prior to trial or without trial is a carefully limited exception").

The Bail Reform Act requires courts to release defendants who are pending trial on personal recognizance or on an unsecured appearance bond "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community."   18 U.S.C. § 3142(b).   Even if a court determines that personal recognizance or an unsecured appearance bond will not assure a defendant's appearance in court or protect the safety of the community, the court is not permitted to order the pretrial detention of a defendant without further inquiry.   When personal recognizance or an unsecured appearance bond are not sufficient, the court must consider

imposing an alternative condition, or combination of conditions, that will assure the defendant's appearance in court and the safety of the community.   *See* 18 U.S.C. § 3142(c).[1]   Examples of alternative conditions courts may consider imposing include employment or educational requirements, travel restrictions, stay away orders, a specified curfew, or a condition that the defendant refrain from the use of any controlled substance.   *See* 18 U.S.C. § 3142(c)(1)(B).

Defendants who are charged with certain specified offenses are subject to a rebuttable presumption that no condition, or combination of conditions, can assure the defendant's appearance or ensure the safety of the community.   18 U.S.C. § 3142(e).   If this Court finds probable cause that the Defendant committed an offense covered by this section of the statute, there is a rebuttable presumption "that no condition or combination of conditions will reasonably assure [the defendant's] appearance . . . and the safety of the community."   18 U.S.C. § 3142(e)(3).   In the event this Court finds the rebuttable presumption applicable to Mr. Eldabbagh case, the presumption merely "imposes a burden of production on the defendant to offer contrary credible evidence."   *United States v. Alatishe*, 768 F.2d 364 (D.C. Cir. 1985). Significantly, this burden of production "is not a heavy one to meet."   *United States v. Dominquez*, 783 F.2d 792, 707 (7th Cir. 1986).   In order to rebut the presumption, a defendant must merely produce some evidence "to suggest" that he is neither dangerous nor likely to flee if released.   *United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990); *see also United States v. Miller*, 625 F.Supp. 513, 519 (D. Kan. 1985) (describing the burden as one merely requiring a defendant "to offer some credible evidence contrary to the statutory presumption").

---

[1] When imposing an alternative condition, or combination of conditions, the court must select the "least restrictive" condition(s).   *See* 18 U.S.C. § 3142(c)(1)(B).

When evaluating factors which are relevant in determining whether Mr. Eldabbagh should remain on pre-trial release, it is clear that Mr. Eldabbagh is not part of the limited group of people for whom the Bail Reform Act contemplates being detained pending trial.   As set forth herein, it is also clear that Mr. Eldabbagh is able to successfully rebut any presumption that there are no conditions that may reasonably assure the safety of the community.

    1.    *Community Safety*

Mr. Eldabbagh's history and characteristics strongly negate any concerns about community safety.[2]   Mr. Eldabbagh is just 30 years old. Mr. Eldabbagh has a limited prior criminal record. The allegations against Mr. Eldabbagh in the instant case involve only allegations of wire fraud and identity theft. There is no claim that Mr. Eldabbagh engaged in any violent behavior towards any potential witness in this case. Moreover, there is no evidence that Mr. Eldabbagh is the leader (or even a member) of a large criminal enterprise. To be clear, Mr. Eldabbagh does not suggest that the instant charges are not serious. However, an individual like Mr. Eldabbagh is not the type of defendant congress had in mind when it enacted 18 U.S.C. 3142 §§ et seg. *See*, *United States v. Alatishe*, 768 F.2d 364, 370 n. 13 (D.C. Cir. 1985)(quoting S. Rep. No. 225, 98th Cong., 1st Sess. 20 (1983), U.S. Code Cong. Admin. News 1984, p. 3202)("Persons charged with major drug felonies [and leaders of large criminal enterprises] are often in the business of importing or distributing dangerous drugs, and thus, because of the nature of the criminal activity with which they are charged, they pose a significant risk of pretrial recidivism. Furthermore, the Committee received testimony that flight to avoid prosecution is

---

[2]The type of factors the court should consider when assessing a defendant's history and characteristics include criminal history, whether the defendant is under court supervision, family ties, length of residence in the community, and employment record. *See* 18 U.S.C. § 3142(g)(3).

particularly high among persons charged with major drug offenses. Because of the extremely lucrative nature of drug trafficking, and the fact that drug traffickers often have established substantial ties outside the United States from whence most dangerous drugs are imported into the country, these persons have both the resources and the foreign contacts to escape to other countries with relative ease in order to avoid prosecution for offenses punishable by lengthy prison sentences.")

There may be instances in which a defendant's history and alleged conduct in the charged offense support pretrial release, but the need to protect a particular individual, or individuals, from harm from the defendant warrant pretrial detention. This concern is certainly not present in Mr. Eldabbagh's case.   Mr. Eldabbagh has not threatened anyone, he has no intention to threaten or harm anyone, and no reasonable claim can be made that there is any individual in the community against whom Mr. Eldabbagh would retaliate or harm while on release.   Hence, in addition to posing no danger to the community in general, Mr. Eldabbagh is not a danger to the safety of any other individual person.

2.    *Flight Risk*

There is no evidence that Mr. Eldabbagh has ever missed a court date. In the instant case, the Court granted Mr. Eldabbagh's request to temporarily leave his residence to spend the Thanksgiving holiday in northern Virginia, and Mr. Eldabbagh scrupulously complied with the Court's order. In nearly five months of Home Confinement with GPS monitoring, there has not been a single instance of non-compliance by Mr. Eldabbagh. He has faithfully called the Pre-trial Services Agency when directed to do so. And he has not accessed the internet, except to communicate with his attorney.

For the reasons discussed in this motion, and pursuant to 18 U.S.C. § 3142(b), Mr. Eldabbagh requests that the Court deny the government's motion and allow Mr. Eldabbagh to remain in the "Permanent Home Confinement" section of High Intensity Supervision Program (HISP). Mr. Eldabbagh submits that his continued release into the "Permanent Home Confinement" section of the High Intensity Supervision Program is sufficient for assuring the safety of the community and Mr. Eldabbagh's appearance in court, and complies with the Bail Reform Act's directive that only the "least restrictive" conditions of pre-trial release be imposed in this case.

WHEREFORE, for these reasons and any such reasons that shall appear to the Court, the defendant, Ryan Jaselskis, respectfully requests that his motion be granted.

Respectfully Submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/S/_____

DAVID W. BOS
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500